**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

MasAti Sajady, *formerly known as*
*Masood Sajady*,

      Plaintiff,

v.

Marco Rubio, *in his official capacity as*
*United States Secretary of State*; and
Robert F. Kennedy, Jr., *in his official*
*capacity as United States Secretary of*
*Health and Human Services*,

      Defendants.

Civ. No. 26-2967 (JWB/JFD)

**ORDER DENYING MOTION**
**FOR TEMPORARY**
**RESTRAINING ORDER**

---

Plaintiff alleges that federal officials confiscated his passport at Minneapolis-Saint

Paul International Airport shortly before an international flight. He contends that the

action was unlawful and seeks emergency relief requiring federal officials to return the

passport, remove his name from passport denial and revocation lists, withdraw any

certification supporting the passport action, and provide information concerning the basis

for the action.

The motion is denied.

### DISCUSSION

**I.      Legal Standard**

A temporary restraining order is an extraordinary remedy. *Life Time Fitness, Inc.*

*v. DeCelles*, 854 F. Supp. 2d 690, 694 (D. Minn. 2012); *Watkins Inc. v. Lewis*, 346 F.3d

841, 844 (8th Cir. 2003). A party seeking such relief must establish a likelihood of

success on the merits and irreparable harm absent immediate intervention. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 807, 113 (8th Cir. 1981) (stating the balance of harm between the parties and the public interest are also considered).

Plaintiff has not made either showing.

## II.    Analysis

### A.    Likelihood of Success on the Merits

The present record does not establish a likelihood of success on the merits. Plaintiff alleges that his passport was confiscated and suggests that the action arose from an ongoing child support dispute. Beyond that, the record reveals little about the governmental action being challenged. The filings do not establish exactly what determination produced the passport action, who made that determination, what information was before the decisionmaker, or what authority either Defendant had concerning that determination.

Perhaps Plaintiff will ultimately establish that the passport action was improper. But the current record is too undeveloped to support that conclusion. At this stage, Plaintiff's allegations raise fundamental unanswered questions. And unanswered questions do not establish a likelihood of success on the merits.

### B.    Irreparable Harm

Plaintiff has likewise failed to establish irreparable harm warranting emergency relief. Irreparable harm occurs when a party has no adequate legal remedy, typically because its injuries cannot be fully compensated through damages. *See Gen. Motors*

2

*Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). The moving party must show that irreparable harm is likely, not merely possible. *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (quotations omitted).

Plaintiff alleges that he missed an international business trip and lost related business opportunities. Those alleged injuries are significant, but they have already occurred. The motion identifies no imminent travel, no impending deadline, and no other concrete event requiring immediate intervention before Defendants can be heard. Nor has Plaintiff shown why ordinary litigation procedures are inadequate to address the alleged harm.

The absence of prior notice is what is compelling from Plaintiff's allegations. If events occurred as Plaintiff describes them, his frustration is understandable. But the question presented here is a narrower one. The issue is not whether Plaintiff may ultimately prevail. Instead, it is whether Plaintiff has established an entitlement to immediate emergency relief on the present record. He has not.

Because Plaintiff has failed to establish either a likelihood of success on the merits or irreparable harm, the motion fails.

**ORDER**

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Temporary Restraining Order without Notice (Doc. No. 2) is **DENIED**.

Date: June 18, 2026                     *s/ Jerry W. Blackwell*
                                        JERRY W. BLACKWELL
                                        United States District Judge

3